1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| HEATHER E. MILLER, | |
|---|---|
| Plaintiff, | CASE NO. 12-cv-06088 JRC |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos. 13, 20, 21).

After considering and reviewing the record, the Court finds that plaintiff has failed to establish error in the ALJ's decision. She has not cited any medical evidence

establishing that she meets or equals the criteria of Listing 12.06, nor has she shown that the ALJ erred in discounting her credibility or in assessing her residual functional capacity ("RFC"). Accordingly, this matter is affirmed.

## BACKGROUND

Plaintiff, HEATHER E. MILLER, was born in 1966 and was 41 years old on the alleged date of disability onset of January 11, 2008 (*see* Tr. 117-120). Plaintiff graduated from college in 1989, received a master's degree in 1994 (Tr. 272), and taught physical education at an elementary school from August 1989 until January of 2008 (Tr. 133).

The ALJ found that plaintiff's abdominal and pelvic pain secondary to history of endometriosis and interstitial colitis, left shoulder pain, status-post rotator cuff tear, left wrist sprain, left knee pain, and anxiety disorder are severe impairments (Tr. 20).

At the time of the hearing, plaintiff was living with her husband and two children, a 15-year-old son and an 11-year-old daughter (Tr. 39).

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits under 42 U.S.C. § 423 of the Social Security Act on March 30, 2010 (*see* Tr. 117-120). The application was denied initially and following reconsideration (Tr. 59-60, 64-66). Plaintiff's requested hearing was held before Administrative Law Judge Glenn G. Meyers ("the ALJ") on August 31, 2011 (*see* Tr. 36-58). On September 23, 2011, the ALJ issued a written decision concluding that plaintiff was not disabled under the Social Security Act (*see* Tr.18-31).

On December 13, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 9-11). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in December 2012 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on March 5, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred by finding that the plaintiff did not have an impairment that met or equaled Listing 12.06; (2) Whether or not the ALJ erred by finding that plaintiff was not credible; (3) Whether or not the ALJ erred by not complying with Social Security Ruling ("SSR") 96-8p when assessing the plaintiff's RFC; and (4) Whether or not the ALJ erred at step five of the sequential analysis (*see* ECF No. 13, p. 2).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and

cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp., supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

**(1)     Whether or not the ALJ erred by finding that the plaintiff did not have an impairment that met or equaled Listing 12.06.**

Plaintiff argues that the ALJ erred at step three in finding that she did not meet or equal Listing 12.06 (anxiety-related disorders).  At step three of the sequential evaluation of disability, the ALJ considers whether or not one or more of plaintiff's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations.  The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Tackett,* 180 F.3d at 1099; *see also* 20 C.F.R. § 404.1525; 20 C.F.R. Pt. 404,

Subpt. P, App. 1. If a claimant meets or equals a listing, the claimant is found disabled without further inquiry.

To meet Listing 12.06, a claimant must satisfy either the criteria listed in "paragraph A" (which addresses the requisite medically documented findings) and "paragraph B" (which addresses four categories of functional limitation), or in "paragraph A" and "paragraph C" (providing that the claimant's condition results "in complete inability to function independently outside the area of one's home"). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06.

Plaintiff argues that various medical opinions and subjective testimony in the record establishes that she meets or equals Listing 12.06, but fails to identify how any evidence of record establishes the requisite level of severity in order to meet specific requirements of the Listing. For example, she cites the opinion of consultative examiner Katrina L. Higgins, Psy.D., that plaintiff's "ability to withstand the pressures of day-to-day work activities is moderately to markedly impaired by her symptoms of anxiety[,]" (ECF No. 13 at 7-8 (*citing* Tr. 274)), but fails to show that this finding relates to any of the criteria listed in any paragraph of Listing 12.06. Dr. Higgins also noted that plaintiff had difficulty with social interaction (Tr. 274), but did not quantify that difficulty or otherwise indicate that the severity of this limitation was marked (*id.*). Likewise, plaintiff cites her treating psychiatrist's opinion that she could not return to her previous job due to "anxiety, depression, sleep disturbances, fear, stress, and severe headaches" (ECF No. 13 at 8-9 (*citing* Tr. 27)), but again does not connect this opinion with any requirement of Listing 12.06.

Plaintiff also directs the Court's attention to testimony provided by her husband and herself (ECF No. 13 at 9-10), but does not specifically tie this testimony to the Listing 12.06 criteria, and, in any event, it cannot be relied upon to establish equivalence in the absence of medical evidence. *See* 20 C.F.R. § 404.1529(d)(3). Furthermore, as explained in the following section, the ALJ did not err in discounting the credibility of plaintiff's subjective testimony, and thus did not err in failing to credit any testimony relevant to Listing.12.06. Likewise, the ALJ provided several reasons to discount plaintiff's husband's statement (Tr. 25), and plaintiff has not addressed any of these reasons or shown that they are not sufficiently germane, and thus has not established that the ALJ erred with respect to plaintiff's husband's statement. *See Molina*, 674 F.3d at 1114.

The only opinions of record specifically addressing Listing 12.06 are provided by State agency psychological consultants, Vincent Gollogly, Ph.D., and Thomas Clifford, Ph.D. Tr. 283-96, 331-44. Both consultants opined that plaintiff did not satisfy the requirements of either "paragraph B" or "paragraph C" (Tr. 293-94, 341-42). Plaintiff has not shown that the ALJ erred in adopting those opinions at step three, by failing to offer any theory as to how she met or equaled Listing 12.06.

Claimant bears the burden of proof regarding whether or not she "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005). Here, although plaintiff points out arguments regarding whether or not the ALJ

properly discounted medical testimony, plaintiff provides no clear path to show that the ALJ erred by failing to find that plaintiff met or equaled a listed impairment. Therefore, any alleged errors in the evaluation of the medical evidence is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Comm*'r of *Social Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

**(2)   Whether or not the ALJ erred by finding that plaintiff was not credible.**

The ALJ provided a number of reasons to discount the credibility of plaintiff's subjective testimony, including (1) inconsistent medical evidence and a lack of treatment as to certain alleged injuries, (2) inconsistent daily activities, and (3) inconsistent statements (Tr. 23-25). The scope of plaintiff's challenge to the ALJ's adverse credibility determination is not entirely clear, but seems to focus primarily on the insufficiency of the second and third reasons (ECF No. 13 at 14-15).[1]

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick,*

---

[1] To the extent that plaintiff raised new or different challenges to the ALJ's credibility determination in her reply brief (ECF No. 21 at 2-5), those arguments are waived. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.")

*supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen, supra*, 80 F.3d at 1283-84 (*citing Dodrill, supra*, 12 F.3d at 917); *Reddick, supra*, 157 F.3d at 722 (*citing Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

Although plaintiff's failure to challenge all of the reasons provided by the ALJ for discounting her credibility renders any error as to the challenged reason harmless, the Court nonetheless addresses the challenged reasons and finds that the ALJ did not err in finding that plaintiff's daily activities are inconsistent with her allegations, or that she made inconsistent statements about her symptoms. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that an error as to one reason provided to discount a claimant's credibility is harmless when there remains substantial evidence supporting the ALJ's adverse credibility determination, despite the error).

The ALJ properly considered whether evidence establishing plaintiff's daily activities were consistent with her testimony describing her activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (setting out the two ways in which an ALJ can cite a claimant's daily activities as grounds for discounting her credibility: if a claimant's description of her activities contradict other testimony, or if a claimant's activities demonstrate transferable work skills). The ALJ noted that although plaintiff described social isolation (*e.g.*, Tr. 52-53), she also described the ability to volunteer at her son's school, interact appropriately with her husband and medical providers, and maintain some friendships via Facebook (Tr. 24 (*citing* Tr. 212-70, 272, 278, 313-17, 350-61)). The ALJ reasonably construed plaintiff's self-reported activities as inconsistent with her testimony, and did not err in discounting her credibility on that basis.

The ALJ also noted an inconsistency in plaintiff's reporting of panic attacks: she testified at the administrative hearing that she experienced panic attacks "several times a

week" (Tr. 50), but was not diagnosed with any panic disorder by her treating psychiatrist (Tr. 318-26, 356-61) and did not report panic symptoms to Dr. Higgins (Tr. 271-76). She was described as experiencing "panic symptoms" in two treatment notes from the Gyft Clinic, where plaintiff received treatment for physical complaints (Tr. 218, 223), but, as noted by the ALJ, apparently did not experience panic attacks severe enough to warrant emergency care (Tr. 24-25). The ALJ reasonably construed plaintiff's testimony regarding panic attacks to be inconsistent with the medical record, and did not err in discounting her credibility on that basis. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Sometimes, like here, it is difficult to distinguish between a lack of medical evidence and medical evidence that contradicts. Since plaintiff is claiming that she suffered panic attacks multiple times during the week and yet failed to advise treating health care providers when she saw them on a regular basis, this rises to the level of an inconsistency. Although plaintiff points to her own testimony to bolster the credibility of her reports of panic attacks (ECF No. 13 at 14), she does not cite to reports of panic attacks overlooked by the ALJ, or otherwise show that ALJ erred in interpreting the medical record.

The ALJ further noted that although plaintiff reported agoraphobic symptoms (*e.g.* Tr. 43), she also reported the ability to leave her home alone (Tr. 173) and drive by herself when necessary (Tr. 272). The ALJ reasonably construed these statements as inconsistent, especially given that plaintiff regularly attended medical appointments and did not miss those appointments (Tr. 25).

ORDER ON PLAINTIFF'S COMPLAINT - 11

Finally, the ALJ construed plaintiff's allegations of severe memory and concentration problems as inconsistent with her performance on mental status examinations. The ALJ summarized the mental status examination findings as consistently demonstrating an ability to perform unskilled work, even with "some cognitive deficits" (Tr. 25). Plaintiff has not challenged this reasoning or shown that the ALJ's interpretation of the evidence is unreasonable, and it should, therefore, be affirmed. *See Morgan*, 169 F.3d at 599.

Because the ALJ provided these clear and convincing reasons to discount plaintiff's credibility, in addition to reasons that were not challenged by plaintiff, the ALJ's adverse credibility determination is affirmed.

**(3)   Whether or not the ALJ erred by not complying with SSR 96-8p when assessing the plaintiff's RFC.**

Plaintiff combines a number of arguments addressing various parts of the ALJ's decision in raising a challenge to the validity of the ALJ's RFC assessment (ECF No. 13 at 15-17). As noted by the Ninth Circuit, "Social Security Regulations define [RFC] as the 'maximum degree to which the individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs." *Reddick*, 157 F.3d at 724 (*quoting* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c)) (emphasis added by Ninth Circuit); *see also* SSR 96-8p, 1996 WL 374184, at * 1 (Jul. 2, 1996). RFC is the most a claimant can do despite existing limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

Plaintiff first argues that the ALJ erred in explicitly addressing whether she can work (with the limitations noted in the RFC assessment) for eight hours a day, five days a week (ECF No. 13 at 16). Plaintiff cites no authority holding that an ALJ must explicitly include the definition of an RFC assessment within his or her decision. Because an RFC assessment is defined as the most a claimant can do on a sustained basis, the ALJ did not err in failing to state expressly that the limitations listed in the RFC assessment would not preclude plaintiff's working on a regular and continuing basis.

Plaintiff goes on to argue that the ALJ erred in assessing her RFC because he failed to account for limitations caused by fatigue, which she claims were described by Dr. Higgins and herself (ECF No. 13 at 16). Although Dr. Higgins noted that plaintiff reported taking a sleep aid (Tr. 272), she did not mention any fatigue-related limitations in her functional assessment (Tr. 274-75). Likewise, plaintiff described insomnia and nightmares, but did not describe any specific fatigue-related limitations in her testimony at the hearing (Tr. 49-50) or in her agency function report (Tr. 171). Because plaintiff has not identified any evidence establishing that she had any specific limitations caused by fatigue, she has not established that the ALJ erred in assessing her RFC. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) ("We reject any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way.").

Lastly, plaintiff argues that the ALJ erred in failing to account for the limitations noted by consultative examiner Dr. Jerry Rusher, M.D. (Tr. 277-82). Although plaintiff correctly points out that the ALJ failed to account for the limitations noted by Dr. Rusher,

the reason is because the ALJ discounted Dr. Rusher's opinion. He did so for a number of reasons, including lack of corroboration in the examination findings, evidence showing that plaintiff's pain was responsive to medication, and evidence that plaintiff was able to work despite a longstanding left shoulder condition (Tr. 26-27). Plaintiff does not challenge any of those reasons specifically, but argues that because Dr. Rusher's opinion was supported by specific objective findings, and was not contradicted by any evidence of record, the ALJ erred in discounting it (ECF No. 13 at 16-17). This line of argument is, at most, simply an alternate interpretation of Dr. Rusher's opinion, and plaintiff fails to establish or even argue that the ALJ's reasoning was erroneous. An ALJ may discount an examining physician's controverted opinion for specific and legitimate reasons. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Here, as noted by the ALJ (Tr. 27), Dr. Rusher's opinions regarding her functional limitations were controverted by state reviewing consultants, Dr. Robert Hoskins, M.D., and Dr. Alnoor Virji, M.D. (Tr. 300-07, 327). Therefore, contrary to plaintiff's argument (ECF No. 13, page 16), the ALJ was required to set forth specific and legitimate reasons to discount Dr. Rusher's opinions. Because the ALJ provided specific and legitimate reasons for rejecting some of Dr. Rusher's limitations, the ALJ's failure to include these limitations is not error..

**(4)      Whether or not the ALJ erred at step five of the sequential analysis.**

Plaintiff restates arguments addressed earlier in this order to argue that the ALJ erroneously submitted an incomplete hypothetical to the vocational expert (ECF No. 13 at 17-19). For the reasons set forth above, and because plaintiff has not established that the ALJ erred in assessing Dr. Higgins's opinion, Dr. Rusher's opinion, her subjective

testimony, or her husband's lay statement, plaintiff has not shown that the ALJ erred in failing to account for all of the limitations referenced in that evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 12th day of February, 2014.

J. Richard Creatura
United States Magistrate Judge